IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WALTER GUILBEAULT,

Plaintiff,

vs.

ANTHONY HAYNES; CHARLES E. SAMUELS, JR., and C. D. LIBERO, MD,

Defendants.

CIVIL ACTION NO.: CV212-158

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Walter Guilbeault ("Plaintiff"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"), filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., contesting certain conditions of his confinement. In a civil action, a prisoner must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. In determining compliance, the court shall be guided by the longstanding principle that pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that he has been denied proper care for his diabetes because he has not been provided orthopedic shoes or allowed to purchase his own shoes and because he has not seen a podiatrist. Plaintiff also alleges, more generally, that he has been denied proper care for his diabetes. Plaintiff named Anthony Haynes, Warden at FSL Jesup; Charles E. Samuels, Jr., Director of the Bureau of Prisons; and C.D. Libero, M.D., as Defendants in this action.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). To state a claim under Bivens, a plaintiff must allege that a federal actor deprived him of some constitutional right. Bivens, 403 U.S. 388; Hindman v. Healy, 278 F. App'x 893 (11th Cir. 2008). Plaintiff has not alleged that any of the named Defendants violated any of his constitutional rights.

AO 72A
(Rev. 8/82)

Even if Plaintiff had alleged that Defendants violated his constitutional rights, Plaintiff's allegations do not state a claim for deliberate indifference. The Eighth Amendment's prohibition against the use of cruel and unusual punishment imposes a constitutional duty upon prison officials to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (citation omitted). "[D]eliberate indifference to serious medical needs of prisoners" results in a violation of that duty. Id. at 835 (citation omitted). But "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (internal punctuation and citation omitted). Specifically, "[m]ere incidents of negligence or malpractice do not rise to the level of constitutional violations. Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Id. (citations omitted). Plaintiff alleges that he has been denied proper care for his diabetes. But Plaintiff has not alleged facts tending to show that any prison official has been deliberately indifferent to any of his medical needs. Therefore, Plaintiff has not shown that he has been deprived of a constitutional right.

The FTCA allows the United States to be sued in the same manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "provide redress for ordinary torts recognized by state law." Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (citation omitted). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). Consequently, the proper defendant in a

3

AO 72A
(Rev. 8/82)

claim brought pursuant to the FTCA is the United States. Plaintiff has not named the United States as a defendant in this action.

Even if Plaintiff had named the United States as a defendant in this action, Plaintiff's allegations do not state a claim for negligence on the part of any United States employee. The FTCA provides a limited waiver of sovereign immunity for actions against the United States alleging:

> injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Plaintiff alleges that he has been denied proper care for his diabetes. But Plaintiff has not alleged facts tending to show that any prison official has been negligent with regard to any of his medical needs. Therefore, Plaintiff has not stated a claim under the FTCA. If Plaintiff wishes to bring an action under the FTCA, he should file a complaint naming the United States as defendant and making specific allegations of negligence based upon acts or omission of government employees.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED and RECOMMENDED**, this 15th day of November, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4