IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

WALTER GUILBEAULT,

    Plaintiff,

vs.

ANTHONY HAYNES; CHARLES E. SAMUELS, JR., and C. D. LIBERO, MD,

    Defendants.

CIVIL ACTION NO.: CV212-158

### ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated November 13, 2012, which recommended that Plaintiff's Complaint, brought pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, be dismissed. In his Objections, Plaintiff argues that his allegations sufficiently state a claim for deliberate indifference to his medical needs. After an independent and *de novo* review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation.

Plaintiff alleges, in his Complaint, that he has been denied proper care for his diabetes because he has not been provided orthopedic shoes or allowed to purchase his own shoes and because he has not seen a podiatrist. Plaintiff also alleges, more generally, that he has been denied proper care for his diabetes. Plaintiff named

AO 72A
(Rev. 8/82)

Anthony Haynes, Warden at the Federal Satellite Low in Jesup, Georgia ("FSL Jesup"); Charles E. Samuels, Jr., Director of the Bureau of Prisons; and C.D. Libero, M.D., as Defendants in this action.

The Magistrate Judge determined that, as to his attempt to assert claims under Bivens, Plaintiff failed to state a claim upon which relief may be granted for two reasons. First, Plaintiff did not allege that any of the named Defendants violated any of his constitutional rights. Therefore, Plaintiff did not set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). Second, even if Plaintiff had connected his allegations to the named Defendants, none of Plaintiff's allegations state a claim for deliberate indifference. Plaintiff alleges that he has been denied proper care for his diabetes. But Plaintiff has not alleged facts tending to show that any prison official has been deliberately indifferent to any of his medical needs. Specifically, Plaintiff has not alleged that any of the named Defendants knew of and disregarded an excessive risk to Plaintiff's health, as required to state a deliberate indifference claim by Farmer v. Brennan, 511 U.S. 825, 837 (1994). Therefore, Plaintiff has not shown that he has been deprived of a constitutional right. Nothing in Plaintiff's Objection persuades the Court to hold differently.

The Magistrate Judge determined that, as to his attempt to assert claims under the FTCA, Plaintiff failed to state a claim upon which relief may be granted for two reasons. First, Plaintiff did not name the United States as a Defendant. Second, even if Plaintiff had named the United States as a Defendant, Plaintiff did not allege any facts tending to show that any prison official has been negligent or acted wrongfully with

AO 72A
(Rev. 8/82)

regard to any of his medical needs. Nothing in Plaintiff's Objection persuades the Court to hold differently.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Plaintiff's Complaint is **DISMISSED**.

**SO ORDERED**, this ___4___ day of ___December___, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA